Filed 1/19/23  P. v. Millender CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B322163 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA140190) |
| v. | |
| DAVID L. MILLENDER, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Carol J. Najera, Judge.  Affirmed.

Richard B. Lennon and Larry Pizzaro, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

—————————————

David Millender appeals from an order denying his petition for resentencing under Penal Code[1] section 1172.6.[2]  His appellate counsel filed a brief under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), asking us to independently review the appeal.  Exercising our discretion to independently review the record (*People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*)),[3] we conclude that the trial court properly denied the petition.

---

[1]    All further undesignated statutory references are to the Penal Code.

[2]    Effective June 30, 2022, section 1170.95 was renumbered to section 1172.6, with no change in text.  (Stats. 2022, ch. 58, § 10.)

[3]    While this matter was pending on appeal, our California Supreme Court issued *Delgadillo, supra*, 14 Cal.5th 216.  The court held that the procedures in *Anders v. California* (1967) 386 U.S. 738 and *Wende* do not apply to appeals from the denial of postconviction relief under section 1172.6.  The court instructed that on appeal from an order denying section 1172.6 relief, a counsel who finds no arguable issue should file a brief informing the appellate court of that determination and include a concise factual recitation.  (*Delgadillo*, at pp. 231–232.)  The appellate court shall send a copy of the brief to the defendant informing the defendant of the right to file a supplemental brief and that if one is not filed within 30 days, the court may dismiss the matter. (*Ibid.*)  If a supplemental brief is filed, we must evaluate the contentions in it.  (*Id.* at p. 232.)  If a supplemental brief is not filed, we may dismiss the appeal as abandoned without a written opinion.  (*Ibid.*)  However, we retain discretion to independently review the record.  (*Ibid.*)

Millender shot and killed his brother.[4]  In 2016, a jury found Millender guilty of first degree murder (§ 187, subd. (a)) with a true finding on personal gun use allegations (§ 12022.53, subds. (b), (c) & (d)).  That same year, the trial court sentenced Millender to life for the murder, plus 25 years to life for the gun enhancement, and five years for a prior (§ 667, subd. (a)).  The trial court also imposed a minimum parole eligibility period of 25 years, doubled to 50 years under the Three Strikes law.

In 2022, Millender petitioned for resentencing under section 1172.6 on his murder conviction.  The trial court appointed counsel to represent Millender.  The People opposed the petition on the ground that Millender was ineligible for relief because he was not convicted under a felony murder or natural and probable consequences theory, as his jury was not instructed on them.  In support, the People submitted the jury instructions from Millender's trial.  The trial court found that Millender's jury was not instructed on either felony murder or the natural and probable consequences doctrine and found that Millender was the actual killer.  The trial court accordingly found him ineligible for relief as a matter of law and denied the petition.

This appeal followed.  Court-appointed appellate counsel filed an opening brief that raised no issues and asked this court to independently review the record under *Wende*, *supra*, 25 Cal.3d 436.  We directed appellant's counsel to send Millender the record and a copy of the opening brief, and we advised that

---

[4]     We derive the factual background from the opinion affirming Millender's judgment of conviction, a copy of which the People submitted as an exhibit in its papers opposing resentencing.  (*People v. Millender* (July 16, 2018, B278727) [nonpub. opn.].)

3

within 30 days of the date of the notice, Millender could submit a supplemental brief or letter stating any grounds for an appeal, or contentions, or arguments he wished this court to consider. Millender did not submit a supplemental brief. Nonetheless, the notice sent to Millender was defective because it did not inform him that if he did not submit a supplemental brief, his appeal could be dismissed as abandoned. (*Delgadillo*, *supra*, 14 Cal.5th at pp. 233–234.) Therefore, as did the court in *Delgadillo*, we exercise our discretion and independently review the record.

Senate Bill No. 1437 (2017–2018 Reg. Sess.) limited accomplice liability under the felony-murder rule, eliminated the natural and probable consequences doctrine as it relates to murder, and eliminated convictions for murder based on a theory under which malice is imputed to a person based solely on that person's participation in a crime. (§ 1172.6, subd. (a) [added by Sen. Bill No. 1437]; *People v. Lewis* (2021) 11 Cal.5th 952, 957, 959*; People v. Gentile* (2020) 10 Cal.5th 830, 842–843.) Senate Bill No. 1437 thus added section 189, subdivision (e) (limiting application of the felony-murder rule) and section 188, subdivision (a)(3) (stating that "[m]alice shall not be imputed to a person based solely on his or her participation in a crime"). As amended, section 188 "bars a conviction for first or second degree murder under a natural and probable consequences theory." (*Gentile*, at p. 846.)

As the trial court found, Millender's jury was not instructed on felony murder, the natural and probable consequences doctrine, aiding and abetting, or any other theory under which malice could be imputed to him based on his participation in the crime. (§ 1172.6, subd. (a).) The jury also found true personal gun use allegations (§ 12022.53, subds. (b), (c), & (d)). The record

4

therefore shows that Millender was the sole participant in the crime and the actual killer. As such, he was ineligible for section 1172.6 relief. (See, e.g., *Delgadillo*, *supra*, 14 Cal.5th at p. 233 [defendant ineligible for § 1172.6 relief where record made clear he was actual killer and only participant in the killing].)

## DISPOSITION

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EDMON, P. J.

We concur:



LAVIN, J.



NGUYEN (KIM), J.*

---

\* Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.